UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62170-RAR

**ROY DAVIS**,

    Plaintiff,

v.

**INTEGON NATIONAL INSURANCE CO.**,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Integon National Insurance Company's Motion to Dismiss Plaintiff's Complaint for Damages ("Motion") [ECF No. 5], filed on October 22, 2021. Plaintiff Roy Davis filed a response in opposition to the Motion ("Response") [ECF No. 9] on November 5, 2021, and Defendant filed a reply in support on November 12, 2021 [ECF No. 12] ("Reply").

The Court held a hearing on the Motion on December 22, 2021, during which the parties presented argument as to their respective positions [ECF No. 18] ("Hearing"). The Court has reviewed the Motion, the Response, the Reply, and the parties' arguments on the record at the Hearing and is otherwise fully advised. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 5] is **GRANTED**. Plaintiff's Complaint [ECF No. 1-2] is **DISMISSED** *with prejudice*.

## BACKGROUND[1]

Plaintiff owns property at 7941 Indigo Street, Miramar, Florida 33023, which sustained water damage from the plumbing and sewage system on February 4, 2021. Compl. at 4. At the

---

[1] The facts set forth herein are derived from Plaintiff's Complaint and are accepted as true. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

time of the damage, Plaintiff's property was subject to a lender-placed homeowner's insurance policy ("Policy"), which means that the insured party was the mortgagee, Bank of America ("BOA"), rather than the property owner, Plaintiff. *Id.* Under the Policy, insurance proceeds would be applied either to repair Plaintiff's property or to the balance of Plaintiff's mortgage. *Id.* at 5. Plaintiff provided Defendant access to his property to inspect the damage, and Defendant determined that Plaintiff had sustained a covered loss under the Policy. *Id.* at 6. Defendant did not pay the full amount of the loss, instead issuing a payment based on a damage estimate created by Defendant after inspecting Plaintiff's property. *Id.*

The relevant provisions of the Policy[2] include the following:

> The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property. . . .
>
> "YOU," "YOUR," and "YOURS" means [BOA] shown under Item 1 on the DECLARATIONS PAGE of the Policy, under which the insurance on the DESCRIBED LOCATION has been issued, which has an interest in the RESIDENTIAL PROPERTY described in the NOTICE OF INSURANCE as the direct result of a first mortgage, second mortgage, other lien instrument, or an agreement for the servicing or subservicing of such contracts. . . .
>
> "BORROWER" means [Plaintiff] identified as the BORROWER on the NOTICE OF INSURANCE. . . .
>
> LOSS Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability

---

[2] Plaintiff did not attach the Policy to his Complaint; however, Defendant attached the Policy to its Motion. [ECF No. 5-1]. The Court considers the Policy document under the doctrine of incorporation by reference, under which a court ruling on a Rule 12(b)(6) motion "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The Policy is central to Plaintiff's breach-of-contract claim, and Plaintiff has not contested its authenticity.

> indicated on the NOTICE OF INSURANCE and the BORROWER's insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

[ECF No. 5-1] at 2, 5, 10. Plaintiff filed his Complaint on September 23, 2021, in the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging a single count as to breach of contract and asserting rights as an omnibus insured and alternatively as a third-party beneficiary. Compl. at 6. Defendant was served with the Complaint on October 4, 2021. Mot. at 1. Defendant removed the state court action based on diversity jurisdiction on October 20, 2021, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on October 22, 2021, arguing that Plaintiff lacks standing because he does not qualify as an omnibus insured or third-party beneficiary. *See generally* [ECF No. 1]; Mot.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro*, 693 F.3d at 1337; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

Insurance policy interpretation is a question of law for the court, and absent ambiguity, the court gives full effect to the terms of the policy through their plain meaning. *Canal Indem. Co. v. Margaretville of NSB, Inc.*, 562 F. App'x 959, 961–62 (11th Cir. 2014).

## ANALYSIS

Ordinarily, only parties to a contract or third-party beneficiaries have standing to sue for breach of contract. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. 4th DCA 1994). And "[a] person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract." *Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 254 (Fla. 3d DCA 2005). Plaintiff is not a party to the Policy, but he alleges that he has standing as either (i) an omnibus insured or (ii) a third-party beneficiary. Compl, at 6. The Court will address each theory in turn.

### i. Omnibus Insured

Under Florida law, an omnibus insured is "one who is covered by a provision in the policy but not specifically named or designated." *Mustakas v. Integon Nat'l Ins. Co.*, No. 19-80911, 2019 WL 6324259, at *2 (S.D. Fla. Nov. 26, 2019) (quoting *Cont'l Cas. Co. v. Ryan Inc.*, 974 So. 2d 368, 374 (Fla. 2008)). "[T]he rights of an 'omnibus insured' flow 'directly from his or her status under a clause of the insurance policy without regard to the issue of liability.'" *Id.* In other words, an omnibus insured is entitled to make a claim directly with the insurance company even if the named insured is not liable for the omnibus insured's injury.

Plaintiff is not an omnibus insured for two reasons. First, there is no provision in the Policy that enables Plaintiff to make a first-party insurance claim for his loss. Rather, Plaintiff is entitled to payment only to the extent that the loss exceeds the unpaid principal balance of Plaintiff's mortgage. [ECF No. 5-1] at 10.

Second, the hallmark of an omnibus insured is being "covered by a provision in the policy but not specifically named or designated." *Mustakas*, 2019 WL 6324259, at *2 (quoting *Cont'l Cas. Co.*, 974 So. 2d at 374). Plaintiff primarily argues that his standing as an omnibus insured was triggered by the obligations set forth in the following provision of the Policy:[3]

> YOUR duties after LOSS. When a LOSS has occurred to which this RESIDENTIAL PROPERTY FORM may apply, YOU shall see that the following duties are performed:
> a. Give US or OUR agent immediate notice of the LOSS;
> b. Protect the property from further damage, make reasonable and necessary repairs required to protect the property, and keep an accurate record of the cost of such repairs;
> c. Exhibit the damaged property to US or OUR representatives as often as WE reasonably require and submit to examination(s) under oath;
> d. Submit to US, within sixty (60) days after WE request, YOUR signed, sworn proof of loss, which sets forth, to the best of YOUR knowledge and belief:
>    1) The time and cause of LOSS;
>    2) YOUR interest and the interest of all others in the property and all encumbrances existing thereon;
>    3) The details of any other insurance which may cover the LOSS;
>    4) Any changes in the title or occupancy of the property during the term referenced on the NOTICE OF INSURANCE;
>    5) Specifications of the damaged property and detailed estimates for repair of the damage.

[ECF No. 5-1] at 33. Plaintiff contends that he performed these duties by: informing Defendant of the damage as soon as he noticed the loss; granting Defendant access to the property to inspect the loss; exhibiting the loss to Defendant as often as Defendant required during the investigation of the subject claim; remaining in constant communication with Defendant regarding the loss; and adjusting the loss directly with Defendant. Resp. at 3.

---

[3] Plaintiff reiterated this argument at the Hearing.

But this provision places the actual obligation—namely, to "*see that* the following duties are performed"—on BOA, the named insured. [ECF No. 5-1] at 33 (emphasis added). Under a plain reading of the Policy, the fact that Plaintiff actually performed the duties is immaterial, and neither this nor any other provision contemplates that Plaintiff is a party. Indeed, the Policy specifically names Plaintiff—and specifically circumscribes his entitlement under the Policy. The Policy expressly states that Plaintiff is not a party to the Policy, that the Policy is for the benefit of BOA, and that the Policy "may not sufficiently protect BORROWER'S interest in the property." [ECF No. 5-1] at 2. Accordingly, Plaintiff is not an omnibus insured under the Policy and cannot proceed under that theory of contractual standing.

### ii. *Third-Party Beneficiary*

Plaintiff alleges in the alternative that he has standing "as a third-party beneficiary as the true beneficiary of any benefits paid to Plaintiff's mortgagee under the Policy." Compl. at 6. "There is no *per se* rule in Florida that a party with an insurable interest is automatically vested with standing to enforce a policy of property insurance." *Reconco v. Integon Nat'l Ins. Co.*, 312 So. 3d 914, 918 (Fla. 4th DCA 2021) (quoting *Harnarrine v. Praetorian Ins. Co.*, No. 18-62848, 2019 WL 8508084, at *4 (S.D. Fla. Jan. 10, 2019)). "[R]ather than automatically being vested with standing due to an 'insurable interest' in the property, a court 'must determine whether, pursuant to the terms of the Policy, [a plaintiff] has standing to bring [his] claims as an intended third-party beneficiary under Florida law.'" *Id*. (quoting *Rucker v. Integon Nat'l Ins. Co.*, No. 19-23422, 2020 WL 2616210, at *3 (S.D. Fla. May 23, 2020)).

To state a claim under Florida law for breach of contract as a third-party beneficiary, Plaintiff must allege and prove four elements: "(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the

Page **6** of **8**

breach." *Mendez v. Hampton Ct. Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016). At issue is whether the contracting parties—Defendant and BOA—had a "clear or manifest intent" to "primarily and directly benefit" Plaintiff. The Eleventh Circuit has further described this inquiry:

> [A] third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely "incidental," and the third party has no legally enforceable right in the subject matter of the contract.

*Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005).

Here, several factors foreclose Plaintiff's theory that he is a third-party beneficiary of the Policy as a whole. First, the clear language of the Policy states that "[t]he insurance purchased is intended for the benefit and protection of the NAMED INSURED" and that "other than the potential right to receive such [excess loss] payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM." [ECF No. 5-1] at 2, 10.[4] This language, which expressly excludes Plaintiff from all but one potential contractual benefit, confirms that the Policy was meant "primarily and directly" to benefit BOA, the policyholder, not Plaintiff. *Reconco*, 312 So. 3d at 917.

Plaintiff's right to receive payment from Defendant also depends on an uncertain event; the magnitude of the loss must exceed the unpaid principal balance of the loan. The contingent nature of this benefit makes it "incidental" to the Policy as a whole. Numerous cases in this district have interpreted similar or identical language in lender-placed policies and concluded the same. *See, e.g.*, *Mustakas*, 2019 WL 6324259, at *3 (collecting cases). Accordingly, Plaintiff is not a third-party beneficiary of the Policy as a whole, and he cannot proceed under that theory.

---

[4] Plaintiff relies on a string of cases from the Middle District of Florida holding that property owners are third-party beneficiaries under Florida statute. Resp. at 2. But unlike this case, none of those cases involved policies with a clear or manifest intent *not* to benefit a third party.

## CONCLUSION

Because Plaintiff lacks standing for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 5] is **GRANTED**. Plaintiff's Complaint [ECF No. 1-2] is **DISMISSED** *with prejudice*. The Court finds that leave to amend the Complaint would be futile because no reading of the Policy would provide a basis for Plaintiff's claim. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**